UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE : <br> COMPANY, STATE FARM INDEMNITY COMPANY, : <br> STATE FARM GUARANTY INSURANCE COMPANY, : <br> and STATE FARM FIRE AND CASUALTY : <br> COMPANY : | Civil Action No: <br> 1:23-cv-3124-ENV-RMI |
| Plaintiffs, : | |
| -against- : | |
| ECLIPSE MEDICAL IMAGING, P.C. : | |
| Defendants. : | |

## DECLARATION OF MATTHEW MORONEY
## IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

I, MATTHEW MORONEY, declare and states as follows:

1. I am an attorney admitted to practice in the State of New York and in the U.S. District Court for the Eastern District of New York. I am counsel for Plaintiffs State Farm Mutual Automobile Insurance Company, State Farm Indemnity Company, State Farm Guaranty Insurance Company, and State Farm Fire and Casualty Company (collectively, the "State Farm Companies") in the above-captioned case.

2. I submit this declaration in support of the State Farm Companies' Motion for entry of a Default Judgment on their Complaint against Defendant Eclipse Medical Imaging, P.C. ("Eclipse'), pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, together with such other and further relief as the Court may deem just and proper.

3. The State Farm Companies seek a Default Judgment on the two causes of action of the Complaint, which seek a declaration that the State Farm Companies are not required to pay certain claims referenced in the Complaint.

**Relevant Facts**

A.     **Procedural History**

4. On April 23, 2023, the State Farm Companies commenced this action. See Docket No. 1. See also **Exhibit "A"** annexed hereto.

5. Eclipse was served with the Summons and Complaint on May 8, 2023. See Docket No. 8. See also **Exhibit "B"** annexed hereto.

6. Eclipse failed to appear or answer this action and, on June 12, 2023, on the State Farm Companies' application, the Clerk of the Court entered a Certificate of Default against Eclipse. See Docket No. 9. See also **Exhibit "C"** annexed hereto.

B.     **The State Farm Companies' Allegations**

7. As is set forth more fully in the Complaint, the State Farm Companies, automobile insurers, seek a declaration that they are not required to pay over $300,000 in No-Fault benefits submitted by Eclipse because Eclipse refused to provide relevant document requested, pursuant to 11 N.Y.C.R.R. 65-1.1, to verify whether Eclipse was properly controlled by its listed owner Jack Baldassare, M.D. or whether it was illegally controlled by layperson, which would make Eclipse ineligible to collect New York No-Fault benefits.

8. As is further set forth in the Complaint, there were several facts that suggested that Eclipse was not truly controlled by Baldassare as follows:

-Eclipse had submitted large amounts of claims of questionable necessity;
-Baldassare had recently been sued by two other insurers in this Court that both alleged that Baldassare sold or lent the use of his name and professional license to a non-medical

layperson, Robert Maksumov ("Robert Maks"), who was the true owner of Eclipse. See 21CV01074 and 21CV00420.

-The listed referring physician on many of the referrals to Eclipse, Arkam Rehman, M.D., executed an affidavit in which he averred that he did not prescribe nor authorize the prescription of testing reportedly provided by Eclipse. Dr. Rehman further averred that his name and credentials were utilized by unknown individuals as part of scheme to prescribe testing and other services. See Rehman Affidavit annexed as **Exhibit "D".**

9. The State Farm Companies requested that Eclipse appear for an examination under oath ("EUO") to address these concerns.

10. Baldassare submitted to EUO but provided further questionable testimony as follows:

- As to the start-up of Eclipse, Baldassare testified that a stranger by the name of Robert Maks informed him there was an vacant radiology business, that was previously known as Kensington Radiology, with MRI, CT, and X-ray equipment and that the "people who ran it had left".

-Although he admitted he worked for Kensington Radiology, Baldassare claimed that he somehow did not know who owned the business for which he worked.

-When Robert Maks presented him with the opportunity of the empty radiology practice, Baldassare claimed that he did not know that Kensington Radiology was the entity that vacated the location.

-Baldassare further testified that Robert Maks presented him with a turnkey operation with equipment and staff (e.g., management, technicians, and billing staff).

-Baldassare does not have any involvement in generating business, and at best, has had limited involvement in operating the business. Baldassare does not appear involved in supervising employees, dealing with day-to-day operations of the business, dealing with marketing and referral sources, billing, revenue, accounts receivable, collections, or hiring collections counsel and these activities are controlled by Robert Maks.

See EUO transcript annexed as **Exhibit "E".**

11. It should also be noted that Kirsten Flanagan, who is a certified public accountant, a certified fraud examiner, and practices as a forensic accountant for Marcum LLP, issued an expert report. As per Ms. Flanagan, "[b]ased on my review of the documents provided to State Farm and made available to me to date, as well as the examination under oath and the affidavit of

Dr. Baldassare, I have identified various indications to suggest that Dr. Baldassare may not, in fact, own and control Eclipse." As outlined in Ms. Flanagan's report, Baldassare does not have any involvement in generating business for Eclipse. Baldassare does not appear involved in supervising employees, dealing with day-to-day operations of the business, dealing with marketing and referral sources, billing, revenue, accounts receivable, collections, or hiring collections counsel. These activities are controlled by Robert Maks. Rather, Baldassare's involvement appears limited to purportedly interpreting radiology studies from his residence in New Jersey. See expert report of Ms. Flanagan annexed as **Exhibit "F".**

12. Because Baldassare's testimony provided during the EUO failed to resolve the objective concerns noted above and only raised additional concerns, it was necessary for Eclipse to provide documents and information, which were required for the State Farm Companies to properly verify the submitted bills and claims.

13. In order to assess these concerns regarding whether Baldassare truly owns and controls Eclipse, the State Farm Companies requested Eclipse to provide its bank records, along with bookkeeping records and financial statements, as well as copies of all payments to Robert and Yelena Maks from January 1, 2019, to present.

14. Among the other documents that Eclipse failed to produce are (i) copies of lease agreements, in their entirety, from January 2017 to present; (ii) copies of the general ledger(s) and/or bookkeeping records from January 1, 2019 through present; (iii) copies of all payments to Robert and Yelena Maks from January 1, 2019 to present; (iv) tax returns for tax years 2018 and 2021, and (v) copies of all recordings reflecting compensation, including salary and bonuses, paid to Baldassare.

15. The State Farm Companies duly denied the claims submitted by Eclipse and commenced the instant action seeking a declaration that they are not obligated to pay the claims referenced in the Complaint.

**C.    Request for Default Judgment**

16. Annexed is the Declaration of the State Farm Companies Project Specialist Gwendolyn Harrison attesting to the facts asserted in the Complaint.  See **Exhibit "G".**

17. No prior request for the relief sought by the State Farm Companies has been to this Court or any other tribunal.

18. A proposed Order Granting Default Judgment is annexed hereto as **Exhibit "H".**

19. Pursuant to Local Civil Rule 55.2(c), I hereby certify that the papers submitted in support of this motion has been mailed to Eclipse at its last known business address, 651 Coney Island Avenue, Brooklyn, New York 11218, which is also its address designated for service of process with the Department of State.

I declare under penalties of perjury that the foregoing is true and correct.  Executed this  3rd  day of  August , 2023 at Philadelphia, Pennsylvania.

_____

MATTHEW MORONEY