UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, et al.                    Docket No. 23-CV-3124-ENV-RMI

               *Plaintiffs*

    - against –

ECLIPSE MEDICAL IMAGING, P.C.,

              *Defendant*
-----------------------------------------------------------------X


<u>DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO A
PRELIMINARY INJUNCTION AND A STAY</u>



                            Gary Tsirelman, P.C.
                            Nicholas Paul Bowers, Esq.
                            129 Livingston Street, 2nd Floor
                            Brooklyn, NY 11201
                            718-438-1200
                            *Attorneys for Defendant*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................... iii

PRELIMINARY STATEMENT .............................................................. 1

STATEMENT OF RELEVANT FACTS .................................................. 2

ARGUMENT ........................................................................................... 3

   I.   Legal Standard ................................................................................ 3

   II.  State Farm Makes No Showing of Irreparable Harm .................... 4

      *a.*   *State Farm's Claims* ................................................................ 4

      *b.*   *The Second Circuit's Harvey Decision Weighs Heavily Against a Stay and Preliminary Injunction* ............................................................ 6

   III.   State Farm Has Not Demonstrated a Serious Question Going to the Merits or Likelihood of Success on the Merits ........................................ 9

   IV.   The Balance of Hardships Tips in Defendants' Favor ............................ 11

   V.   Should the Court Grant State Farm's Motion, State Farm Must Post a Bond ……………………………………………………………………..13

CONCLUSION ....................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*Allstate Ins. Co. v. E. Island Med. Care, P.C.*
16 CV 2802 (JFB)(AKT) ........................................................................................................8

*Allstate Ins. Co. v. Hisham Elzanaty*
929 F. Supp. 2d 199 (E.D.N.Y. 2013) ................................................................................ 3, 6

*Allstate Ins. Co. v. Zelefsky*
13 CV 5830 (JFB)(AKT) (Apr. 2, 2014) ..............................................................................8

*Brault v. Soc. Sec. Admin., Com'r*
683 F.3d 443 (2d Cir. 2012) .................................................................................................7

*Brenntag Int'l Chems., Inc. v. Bank of India*
175 F.3d 245 (2d Cir. 1999) ...............................................................................................11

*Bruce v. Martin*
680 F. Supp. 616 (S.D.N.Y. 1988) .......................................................................................4

*Faiveley Transp. Malmo AB v. Wabtec Corp.*
559 F.3d 110 (2d Cir. 2009) .................................................................................................4

*Gottlieb v. Variable Annuity Life Ins. Co.*
No. 1:15-CV-1420 (TJM/TWD), 2016 U.S. Dist. LEXIS 131727 (N.D.N.Y. Jan. 12, 2016) ........4

*Gov't Emples. Ins. Co. v. Cean*
No. 19-CV-2363 (PKC) (SMG), 2019 U.S. Dist. LEXIS 203298 (E.D.N.Y. Nov. 22, 2019).........6

*Gov't Emples. Ins. Co. v. Relief Med., P.C.*
554 F. Supp. 3d 482 (E.D.N.Y. 2021) ..................................................................................5

*Gov't Emples. Ins. Co. v. Strut*
No. 19-CV-728V, 2019 U.S. Dist. LEXIS 205801 (W.D.N.Y. Nov. 26, 2019) .............................13

*Gov't Emples. Ins. Co. v. Zaitsev*
No. 1:20-cv-03495-FB-SJB, 2021 U.S. Dist. LEXIS 139905 (E.D.N.Y. July 27, 2021) ...............5

*Grand River Enter. Six Nations, Ltd. v. Pryor*
481 F.3d 60 (2d Cir. 2007) ...................................................................................................5

*Jayaraj v. Scappini*
66 F.3d 36 (2d Cir. 1995).................................................................................................. 4, 7

*Jefferson v. Soe*
No. 17-CV-3273, 2017 U.S. Dist. LEXIS 104389 (E.D.N.Y. July 6, 2017) .......................................3

*Kamerling v. Massanari*
295 F.3d 206 (2d Cir. 2002) ...............................................................................................................4

*Liana Carrier Ltd. v. Pure Biofuels Corp.*
No. 14-CV-3406 (VM), 2015 WL 10793422 (S.D.N.Y. Aug. 14, 2015), aff'd, 672 F. App'x 85
   (2d Cir. 2016) ..................................................................................................................................7

*Lynch v. City of N.Y.*
589 F.3d 94 (2d Cir. 2009) .................................................................................................................4

*Madison Acquisition Group, LLC v. Local 259 United Auto Workers, AFL-CIO*
No. 21-CV-5685(JS)(JMW), 2021 U.S. Dist. LEXIS 223203 (E.D.N.Y. Nov. 18, 2021) ..............3

*Monserrate v. N.Y. State Senate*
599 F.3d 148 (2d Cir. 2010) .............................................................................................................11

*Oneida Nation of New York v. Cuomo*
645 F.3d 154 (2d Cir. 2011) .............................................................................................................11

*Otoe-Missouria Tribe of Indians v. N.Y. State Dep't of Fin. Servs.*
769 F.3d 105 (2d Cir. 2014) ...............................................................................................................3

*Pike Co. v. Tri-Krete Ltd.*
349 F. Supp. 3d 265 (W.D.N.Y. 2018) ...............................................................................................4

*Renegotiation Bd. v. Bannercraft Clothing Co.*
 415 U.S. 1 (1974) ...............................................................................................................................4

*Rodriguez v. DeBuono*
175 F.3d 227 (2d Cir. 1999) ...............................................................................................................4

*State Farm Mut. Auto. Ins. Co. v. Metro Pain Specialists P.C.*
No. 21-CV-5523 (MKB), 2022 U.S. Dist. LEXIS 91241 (E.D.N.Y. May 19, 2022 ........................6

*State Farm Mut. Auto. Ins. Co. v. Parisien*
 352 F. Supp. 3d 215 (E.D.N.Y. 2018)................................................................................................5

*Winter v. Natural Res. Def. Council, Inc.*
555 U.S. 7 (2008)................................................................................................................................3

*Wisdom Imp. Sales Co., L.L.C. v. Labatt Brewing Co.*
339 F.3d 101 (2d Cir. 2003) ...............................................................................................................4

iv

*World Wide Plumbing Supply, Inc. v. DDI Sys. LLC*
2011 U.S. Dist. LEXIS 121459 (E.D.N.Y. Oct. 20, 2011) ..................................................4

**State Court Cases**
*Acevedo v. Holton*
239 A.D.2d 194 (N.Y. 1st Dept 1997) ..................................................................9

*Allstate Property and Casualty Insurance Co. v. Northeast Anesthesia and Pain Management*
 41 N.Y.S.3d 448 (1st Dept. 2016)......................................................................12

*BDO Seidman LLP v. Strategic Resources Corp.*
70 A.D.3d 556 (N.Y. 1st Dept. 2010) ..................................................................9

*D'Arata v. New York Cent. Mut. Fire Ins. Co.*
76 N.Y.2d 659 (N.Y. Ct. App. 1990) ..................................................................9

*Franklin Dev. Co., Inc. v. Atlantic Mut. Ins. Co.*
60 A.D.3d 897 (N.Y. 2d Dept 2009) ...................................................................9

*Harmonic Physical Therapy, P.C. v. Praetorian Ins. Co.*
47 Misc. 3d 137(A) (App. Term 1st Dept. 2015)..................................................12

*Hosp. for Joint Diseases v. Hertz Corp.*
22 AD3d 724 (2nd Dept. 2005) ..........................................................................11

*Kaspiev v. Corbis Corp.*
158 A.D.3d 531 (N.Y. 1st Dept, 2018) ...............................................................9

*Nyack Hosp. v. General Motors Acceptance Corp.,*
8 NY 3d 294 (2007) ...........................................................................................12

*Presbyterian Hospital in the City of New York v. Liberty Mutual Ins. Co.*
216 A.d.2d 448 (2nd Dept. 1995).......................................................................11

*Ryan v. New York Tel. Co.*
62 N.Y.2d 494 (N.Y. Ct. App 1984) ..................................................................9

**Rules**
11 NYCRR 65-3.15............................................................................................12
Federal Rule of Civil Procedure 65(c) ...............................................................13

## PRELIMINARY STATEMENT

Defendants Eclipse Medical Imaging, P.C. ("Eclipse") submits this memorandum of law in opposition to Plaintiffs' ("State Farm") motion to stay all pending No-Fault collection actions commenced by Defendants against State Farm and to enjoin Eclipse from commencing further No-Fault collection actions in arbitration or court against State Farm.

State Farm's motion fails to meet the high standard required to demonstrate irreparable harm warranting a stay and preliminary injunction. Defending No-Fault collection actions in New York's specialized No-Fault arbitrations and civil court processes does not constitute an irreparable harm because the alleged harms are all monetary and an adverse decision against State Farm by a duly constituted arbitration or civil court before which it is able to bring its allegations against Defendants here as defenses is necessarily not a cognizable harm.

This case and motion are an attempt at forum-shopping by State Farm, which seeks to evade its obligations under New York No-Fault laws and regulations to defend its denial of No-Fault claims submitted by Eclipse in arbitration proceedings. State Farm instead has brought a run-of-the-mill affirmative defense to No-Fault payment that Eclipse did not respond to verification demands as a federal court declaratory judgment action as an end-run around New York's statutory framework for resolving disputes between No-Fault insurers and medical providers.

Indeed, this issue has already been decided by numerous arbitrators, who have consistently found that Plaintiffs' verification defense fails. This alone warrants denial of the motion and, indeed, dismissal of the case on *res judicata* grounds. Should the Court grant State Farm's motion, it will undo the decisions of arbitrators and upend New York's No-Fault claims adjudication regime.

Furthermore, it is likely that Eclipse's No-Fault claims would no longer be reimbursable even should Eclipse prevail at trial because the typical $50,000.00 New York No-Fault insurance policy limit for each patient would be exhausted. This is a major factor why Eclipse and most other No-Fault providers file collection actions as each individual bill is denied by an insurer; if providers sit on their hands, they risk finding that the insurer has paid out the policy limit to specialist providers treating the same patient. This motion is simply State Farm's method to ensure that Defendants' only possible victory in this matter is Pyrrhic.

## STATEMENT OF RELEVANT FACTS

Eclipse is a professional medical corporation that specializes in treating patients injured in automobile accidents. The injured patients assigned their right to collect benefits under New York State's No-Fault Automobile insurance system to Eclipse. Eclipse then billed the insurance companies, including State Farm, whose policies covered the patients. When insurance companies failed to pay the No-Fault insurance claims Eclipse submitted to them, Eclipse files collection suits in arbitration seeking payment on the unpaid claims.

State Farm filed the instant action in 2023, claiming that Defendant's owner Dr. Baldassare appeared for an Examination Under Oath ("EUO") at Plaintiffs' demand pursuant to New York's No-Fault Automobile Insurance laws and regulations. *See* Complaint, ECF No. 1. State Farm alleges that Defendant answered Plaintiffs' questioning and completed the EUO and, in follow-up discussions, amended certain answers. *Id*. at ¶33. State Farm ultimately seeks a declaration that it need not reimburse Defendants for any pending, unpaid No-Fault claims and an order enjoining Defendants from placing any further claims in collection arbitrations or lawsuits because it did not receive documents that Eclipse either objected to producing or informed Plaintiff do not exist. *Id*. Plaintiffs' motion for default is currently pending.

2

This is not the parties' first time adjudicating Plaintiffs' post-EUO verification defense to paying the subject No-Fault claims; Eclipse has filed arbitration actions in which Plaintiffs' have raised this defense, which arbitrators have consistently rejected. Representative arbitration decisions are attached as Exhibit 1

## ARGUMENT

### I.     Legal Standard

The Supreme Court is clear that a "preliminary injunction is an extraordinary remedy never awarded as of right," and that "[a]n injunction is a matter of equitable discretion; it does not follow from success on the merits as a matter of course." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A preliminary injunction "'should not be routinely granted.'" *Madison Acquisition Group, LLC v. Local 259 United Auto Workers, AFL-CIO*, No. 21-CV-5685(JS)(JMW), 2021 U.S. Dist. LEXIS 223203, at *6 (E.D.N.Y. Nov. 18, 2021) (quoting *Jefferson v. Soe*, No. 17-CV-3273, 2017 U.S. Dist. LEXIS 104389, at *5 (E.D.N.Y. July 6, 2017)). "As a result, to obtain a preliminary injunction, the movant must make carry its burden by a 'clear showing.'" *Madison Acquisition*, 2021 U.S. Dist. LEXIS 223203, at *6 (quoting *Jefferson*, 2017 U.S. Dist. LEXIS 104389 at *3). Where, as here, a court evaluates whether a stay "may be granted, [the] court look[s] to the preliminary injunction standard." *Allstate Ins. Co. v. Hisham Elzanaty*, 929 F. Supp. 2d 199, 217 (E.D.N.Y. 2013).

A party seeking a stay must demonstrate that it faces irreparable harm should the stay not be granted and "either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party." *Otoe-Missouria Tribe of Indians v. N.Y. State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (citing *Lynch v. City of N.Y.*, 589 F.3d

94, 98 (2d Cir. 2009)). The Second Circuit defines "irreparable harm" to be "certain and imminent harm for which a monetary award does not adequately compensate." *Wisdom Imp. Sales Co., L.L.C. v. Labatt Brewing Co.*, 339 F.3d 101, 113 (2d Cir. 2003) (citing *Jayaraj v. Scappini*, 66 F.3d 36, 39 (2d Cir. 1995)). To satisfy the high preliminary injunction standard, irreparable harm must be "actual and imminent, not remote or speculative." *Kamerling v. Massanari,* 295 F.3d 206, 214 (2d Cir. 2002). "'Mere litigation expense, even substantial and non-recoupable cost, does not constitute irreparable injury.'" *World Wide Plumbing Supply, Inc. v. DDI Sys. LLC*, 2011 U.S. Dist. LEXIS 121459, at *3 (E.D.N.Y. Oct. 20, 2011)(quoting *Bruce v. Martin*, 680 F. Supp. 616, 621 (S.D.N.Y. 1988)).

It is well-settled law that costs of litigation and arbitration, even if not reimbursable, never amount to an irreparable harm for the purposes of issuing a preliminary injunction. *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974)("Mere litigation expense, even substantial and non-recoupable cost, does not constitute irreparable injury"); *see also Pike Co. v. Tri-Krete Ltd.*, 349 F. Supp. 3d 265, 272 (W.D.N.Y. 2018)(holding that "no irreparable harm arises from arbitrating disputes that are subject to arbitration"); *and Gottlieb v. Variable Annuity Life Ins. Co.*, No. 1:15-CV-1420 (TJM/TWD), 2016 U.S. Dist. LEXIS 131727, at *8 (N.D.N.Y. Jan. 12, 2016) (holding that the cost of arbitrating a dispute in another state does not arise to an irreparable harm).

II.   **State Farm Makes No Showing of Irreparable Harm**

a.   *State Farm's Claims*

"A showing of irreparable harm is 'the single most important prerequisite for the issuance of a preliminary injunction.'" *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (quoting *Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999); *Allstate Ins. Co. v. Avetisyan*, No. 17-CV-04275 (LDH) (RML), 2018 U.S. Dist. LEXIS 222905, at *7 (E.D.N.Y. Oct.

30, 2018). "This element is so critical to the Court's inquiry that the Court need not reach any of the other requirements necessary for the grant of injunctive relief where irreparable harm has not been demonstrated." *Id*. (citing *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66–67 (2d Cir. 2007). Here, State Farm cannot establish that it will suffer any actual, imminent harm should the Court deny its motion.

State Farm first argues that the time and resources it may spend defending No-Fault actions filed by Defendants before arbitrators and state courts amounts to an irreparable harm. Pltfs. Memo at 16-17. Plaintiffs blithely state "[t]here will be inconsistent arbitral rulings, along with inconsistent rulings with this Court's ultimate decision, and therefore the State Farm Companies will be threatened with irreparable harm." Pltfs. Memo at 17. Plaintiffs do not, however, specify what such inconsistent judgments would be and whether they are imminent or actual. Instead, State Farm claims in the abstract that there is a risk of inconsistent judgments should the Court deny its motion and leaves to the imagination what arbitration awards, exactly, would be inconsistent with the relief sought in this case. *Id*. Indeed, arbitrators have consistently found that Plaintiffs' defense that Eclipse did not comply with its verification obligations is of no avail.

State Farm's reliance on decisions in other lawsuits filed by No-Fault insurers against medical providers is misplaced. In each case Plaintiffs cite in support of their irreparable harm argument, the plaintiff insurer brought affirmative fraud and RICO claims against the medical provider Defendants seeking money damages. *See State Farm Mut. Auto. Ins. Co. v. Parisien,* 352 F. Supp. 3d 215 (E.D.N.Y. 2018) (involving a RICO case against multiple No-Fault medical providers); *Gov't Emples. Ins. Co. v. Zaitsev*, No. 1:20-cv-03495-FB-SJB, 2021 U.S. Dist. LEXIS 139905, at *2 (E.D.N.Y. July 27, 2021) (same); *Gov't Emples. Ins. Co. v. Relief Med., P.C.*, 554 F. Supp. 3d 482 (E.D.N.Y. 2021)(same); *Allstate Ins. Co. v Elzanaty*, 916 F. Supp. 2d 273

(E.D.N.Y 2013)(same*); State Farm Mut. Auto. Ins. Co. v. Metro Pain Specialists P.C.*, No. 21-CV-5523 (MKB), 2022 U.S. Dist. LEXIS 91241, at *4 (E.D.N.Y. May 19, 2022) (same); and *Gov't Emples. Ins. Co. v. Cean*, No. 19-CV-2363 (PKC) (SMG), 2019 U.S. Dist. LEXIS 203298, at *2 (E.D.N.Y. Nov. 22, 2019) (same). Here, State Farm does not make any affirmative allegations of fraud or RICO violations; it only alleges that Eclipse did not fulfill its verification obligations despite Eclipse's complete participation in the verification process, including providing State Farm with documents it requested and attending an EUO. Plaintiffs do not allege that Eclipse is fraudulently incorporated or that its bills were fraudulent. Instead, State Farm implies that New York State courts and arbitrators are incompetent to adjudicate its defense to making No-Fault payments to Eclipse.

State Farm's reliance on conclusory allegations and innuendo cannot satisfy State Farm's heavy burden to establish that it is in danger of suffering actual and imminent harm should the Court not grant its motion.

b. *The Second Circuit's Harvey Decision Weighs Heavily Against a Stay and Preliminary Injunction*

In the *Harvey* case, the Second Circuit ruled that the plaintiff No-Fault automobile insurers Allstate Insurance Company, its subsidiaries, and related companies ("Allstate") did not establish irreparable harm sufficient to warrant a stay of underlying arbitration and litigation collection actions. *Allstate Ins. Co. v. Harvey Family Chiropractic, Physical Therapy & Acupuncture, PLLC*, 677 F. App'x 716, 718 (2d Cir. 2017) (summary order). *Harvey* involved a RICO action in which the plaintiffs alleged that the medical-provider defendants had pursued fraudulent No-Fault claims and plaintiffs ultimately sought a declaration that Allstate was under no obligation to pay any of the defendants' No-Fault claims because of the defendants' fraudulent scheme. A three-judge

6

panel of the Second Circuit considered the plaintiffs' argument that a stay of pending state-court litigations and any new litigation or arbitration was necessary to prevent irreparable harm and held that "'mere injuries . . . in terms of money, time and energy necessarily expended' absent a stay of ongoing state court and arbitration proceedings 'are not enough' to establish irreparable harm." *Harvey*, 677 F. App'x at 718 (quoting *Jayaraj*, 66 F.3d at 39). Thus, *Harvey* determined that the existence of pending No-Fault state-court proceedings and arbitrations that will adjudicate the same No-Fault claims as a federal lawsuit does not constitute irreparable harm.

Although *Harvey* was a summary order, it is highly persuasive authority. Courts "are, of course, permitted to consider summary orders for their persuasive value, and often draw guidance from them in later cases." *Brault v. Soc. Sec. Admin., Com'r*, 683 F.3d 443, 450 (2d Cir. 2012). Moreover, "courts in the Second Circuit have often noted that . . . Summary Orders . . . can be instructive to district courts in resolving particular disputes, and also may be seen as highly persuasive and predictive of how the Second Circuit Court of Appeals would decide an issue in the future." *Liana Carrier Ltd. v. Pure Biofuels Corp.*, No. 14-CV-3406 (VM), 2015 WL 10793422, at *4 (S.D.N.Y. Aug. 14, 2015), aff'd, 672 F. App'x 85 (2d Cir. 2016); id. at n.5 (collecting cases). Indeed, at least one court in this District found *Harvey* persuasive authority. *Allstate Ins. Co. v. Avetisyan*, No. 17-CV-04275 (LDH) (RML), 2018 U.S. Dist. LEXIS 222905, at *6 (E.D.N.Y. Oct. 30, 2018).

State Farm's claim that its declaratory judgment is threatened by pending state court arbitrations was also rejected in *Harvey*. In *Harvey*, Allstate sought a "declar[ation] that Allstate is under no obligation to pay any of [the defendant's] No-Fault claims because of its illegal organization," *Harvey*, 677 F. App'x at 717 (internal quotation marks omitted). Here, State Farm here seeks a declaration that Plaintiffs have no obligation to pay any No-fault claims submitted by

Eclipse because State Farm believes Eclipse did not comply with its verification obligations. State Farm's argument that the pending state court proceedings and arbitrations somehow threaten the declaratory judgment they seek was the very first argument Allstate put forward regarding irreparable harm in *Harvey*. Exhibit 1, Brief and Special Appendix for Plaintiffs-Appellants, *Allstate Ins. Co. v. Harvey Family Chiropractic*, No. 16-1101-cv, 2016 WL 3855272 at *40 (2d Cir. July 13, 2016) ("[I]f the requested injunction is not granted and the State Court Actions are allowed to proceed, any such actions resulting in rulings with regard to Harvey FCPTA's eligibility for reimbursement of No-fault insurance payment that are inconsistent with this Court's ruling on the same issue would severely threaten any judgment of this Court. That threat, could ultimately strip Plaintiff-Appellants of their right to seek and be awarded a declaratory judgment by this Court, clearly meets the threshold for irreparable harm."). The Second Circuit in *Harvey* rejected this argument, holding that "the declaratory relief sought by the plaintiffs [is not] threatened by the other proceedings." *Harvey*, 677 F. App'x at 718.  *Harvey* remains persuasive authority and its reasoning applies to this case.

Courts in the Eastern District have also denied No-Fault insurers' motions for stays and preliminary injunctions. For example, Judge Bianco issued two oral rulings denying motions for stays of pending No-Fault collection cases while fraud or RICO claims were being adjudicated in federal court in *Allstate Ins. Co. v. Zelefsky*, 13 CV 5830 (JFB)(AKT) (Apr. 2, 2014)(ECF No. 66) and  *Allstate Ins. Co. v. E. Island Med. Care, P.C.*, 16 CV 2802 (JFB)(AKT) (June 5, 2017)(ECF No. 106), transcripts of which are attached as Exhibits 3 and 4, respectively. In both of those cases, the court found that the cost of pending No-Fault collection cases and the risk of adverse judgments in those cases against plaintiff No-Fault automobile insurers did not amount to irreparable harm sufficient for a stay of the collection cases and an injunction preventing the defendants from filing

8

new collection cases against the plaintiffs. State Farm's motion shares the same problems and ought to be denied on the same grounds.

**III.     State Farm Has Not Demonstrated a Serious Question Going to the Merits or Likelihood of Success on the Merits**

State Farm's core argument has already been rejected in multiple arbitration decisions and are therefore precluded. Attached as Exhibit 1 are eight arbitration awards by eight different arbitrators rejecting Plaintiffs' claims and finding that Eclipse complied with its verification obligations. [1] Collateral estoppel, or issue preclusion, bars a party from relitigating "in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party . . ., whether or not the tribunals or causes of action are the same." *BDO Seidman LLP v. Strategic Resources Corp.,* 70 A.D.3d 556, 560 (N.Y. 1st Dept. 2010), quoting *Ryan v. New York Tel. Co.*, 62 N.Y.2d 494, 500 (N.Y. Ct. App 1984). The doctrine applies when an issue has been "'necessarily decided in the prior action and is decisive in the present action,' and plaintiff had a full and fair opportunity to litigate the issue in the prior action." *Kaspiev v. Corbis Corp.*, 158 A.D.3d 531, 532 (N.Y. 1st Dept, 2018) quoting *D'Arata v. New York Cent. Mut. Fire Ins. Co.*, 76 N.Y.2d 659, 664 (N.Y. Ct. App. 1990).

The doctrine applies to arbitration awards; an "arbitration award constitutes a valid final judgment for collateral estoppel purposes." *Doscher*, 148 A.D.3d at 524 (N.Y. 1st Dept. 2017) citing *Acevedo v. Holton*, 239 A.D.2d 194 (N.Y. 1st Dept 1997) and *Franklin Dev. Co., Inc. v. Atlantic Mut. Ins. Co.*, 60 A.D.3d 897 (N.Y. 2d Dept 2009). Here, State Farm was a party to prior

---

[1] At the time of filing, Eclipse is unaware of any arbitration or court decision inconsistent with the attached awards.

9

arbitrations in which it litigated whether it could delay or deny payment of Eclipse's No-Fault claims based on allegations that Eclipse did not fully comply with its verification obligations.

In each of the annexed decisions in Exhibit 3, each arbitrator rejects Plaintiffs' defense to payment. For example, arbitrator Kokel writes that Eclipse

> "substantially complied with [State Farm's] verification requests. All requests were responded to, but for those that were deemed unnecessary, irrelevant or unduly burdensome. It appears, to the undersigned, that the Respondent was seeking materials that might lead to a 'founded belief' that the Applicant facility was fraudulently incorporated (see *State Farm Mutual Auto Ins Co., v. Mallela*, et al. (Mallela III), 4 NY 3d 313, 321, 794 N.Y.S. 2d 700 (2005). The record is bereft of any evidence to support such a belief, other than the Respondent's supposition."

Exhibit 3 at 9.

Arbitrator Youngman agrees, writing that Eclipse "made a meaningful attempt to comply with [State Farm's] demands and [State Farm] denied the claim instead of keeping the line of communication open. Further, State Farm does not submit a persuasive explanation of why they denied the claim when [Eclipse] was attempting to comply with [State Farm's] demands." *Id*. at 48.

The arbitrators also recognize that prior arbitration awards on the issue have preclusive effect. *Id.* For example, arbitrator Adelson writes that "The issue of whether [State Farm] was entitled to the documentation and information that remained in dispute which was requested as part of the post-EUO verification requests has already been decided in favor of Applicant in AAA Case Numbers 17-22-1279-8187 and 17-22-1279-7940" and thus "the doctrines of collateral estoppel and res judicata preclude [State Farm] from proceeding to arbitration on the very same issues." *Id*. at 36.

10

The arbitrators' consistent findings in favor of Eclipse and that prior arbitrators' awards have preclusive effect under the doctrine of collateral estoppel not only undermine State Farm's claim that, going forward, it is at imminent risk of harm from inconsistent judgments in state court and in front of arbitrators, they also preclude State Farm's claims in this matter. Fort his reason alone, the Court ought to deny Plaintiffs' motion.[2]

## IV.     The Balance of Hardships Tips in Defendants' Favor

State Farm must show that the "…a balance of the hardships tip[s] decidedly in [its] favor]." *Oneida Nation of New York v. Cuomo*, 645 F.3d 154, 164 (2d Cir. 2011) (quoting *Monserrate v. N.Y. State Senate*, 599 F.3d 148, 154 (2d Cir. 2010)). Here, the balance of hardships weighs heavily in Defendants' favor. Eclipse will suffer irreparable harm should the Court grant this motion because "there is a substantial chance that upon final resolution of the action the parties cannot be returned to the positions they previously occupied." *Brenntag Int'l Chems., Inc. v. Bank of India*, 175 F.3d 245, 249 (2d Cir. 1999). If the Court stays the pending collection actions and enjoins Defendants from filing future actions, it is likely that Eclipse would never receive payment even should it prevail at trial. Most New York No-Fault automobile insurance policies have a policy maximum of $50,000.00, meaning that once an insurer pays out $50,000.00 for treatments of injuries sustained by an insured, it has no obligation to pay any further amounts. *See Hosp. for Joint Diseases v. Hertz Corp,*. 22 AD3d 724, 725 (2nd Dept. 2005); *Presbyterian Hospital in the City of New York v. Liberty Mutual Ins. Co.*, 216 A.d.2d 448 (2nd Dept. 1995).

A stay of the collection proceedings and an injunction against filing new ones would permanently prejudice Eclipse's ability to recover on those claims, even if Plaintiffs' instant

---

[2] Eclipse intends to file a motion to dismiss on these and other grounds once the pending motion for default judgment is resolved.

11

declaratory judgment action is ultimately unsuccessful. Specifically, despite 11 NYCRR 65-3.15's requirement that "payments for basic economic loss shall be made to the applicant and/or an assignee in the order in which each service was rendered or each expense was incurred," insurers are not precluded from paying claims submitted by other providers subsequent to the denial of Eclipse's claims for previously incurred services. *Allstate Property and Casualty Insurance Co. v. Northeast Anesthesia and Pain Management*, 41 N.Y.S.3d 448 (N.Y. 1st Dept. 2016). The court in *Northeast Anesthesia* held that "requir[ing] petitioner to delay payment of uncontested claims pending resolution of [the] disputed claims 'runs counter to the no-fault regulatory scheme, which is designed to promote prompt payment of legitimate claims'". *Id.* (citing *Nyack Hosp. v. General Motors Acceptance Corp.*, 8 NY 3d 294, 300 (N.Y. Ct. App. 2007); *Harmonic Physical Therapy, P.C. v. Praetorian Ins. Co.,* 47 Misc. 3d 137(A) (N.Y. App. Term 1st Dept. 2015)). This means that any claims collected by other No-Fault providers during the contemplated stay and injunction will be paid prior to Eclipse's claims subject to the stay and injunction. Should specific policies be exhausted while the contemplated injunction and stay are in effect as to insureds treated by Eclipse, State Farm will have no obligation to pay Eclipse. See *Northeast Anesthesia*, 41 N.Y.S.3d at 448. Eclipse will have no method of recovering on its claims subject to policy exhaustion resulting from a stay of collection proceedings.

Should State Farm continue to pay out on other claims during the period of the stay to non-defendant medical providers, whether voluntarily or as the result of court and arbitrator decisions, it is likely the relevant policy limits would be exhausted. Thus, State Farm's proposed stay and injunction would likely be an irreversible bar to Eclipse's recovery from State Farm, regardless of which party prevails in this matter.

**V.      Should the Court Grant State Farm's Motion, State Farm Must Post a Bond**

State Farm must post security for the issuance of a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(c). State Farm astoundingly claims that not only is there no harm toEclipse in staying collection arbitrations and enjoining Eclipse from filing new collection cases in court or before arbitrators, because the providers could ultimately receive statutory interest on the claims. Pltfs. Memo at 21-22. As set forth above, despite State Farm's claims to the contrary, Eclipse will suffer significant harm should the Court stay its collection actions and enjoin it from filing new collections lawsuits and arbitrations. Thus, if any injunction is issued, a substantial bond is needed to cover the Defendants' more-than $200,000.00 in outstanding claims, commensurate with the value of the outstanding claims from Defendants Plaintiffs allege in their Complaint at paragraphs 46 and 50. *See, e.g.*, *Gov't Emples. Ins. Co. v. Strut*, No. 19-CV-728V, 2019 U.S. Dist. LEXIS 205801, at *34-35 (W.D.N.Y. Nov. 26, 2019) (requiring GEICO to post a bond prior to the issuance of a preliminary injunction staying arbitrations).

# CONCLUSION

For the reasons set forth above and in the accompanying papers, Plaintiffs' motion should be denied in its entirety. In the alternative, should the Court grant Plaintiffs' motion, the Court should Plaintiffs to post a bond of $298,000.00 as security against the Defendants' stayed No-Fault collection claims.

Dated:  Brooklyn, NY
September 7, 2023

BY:  *Nicholas Paul Bowers, Esq.*

___/s/_____

Gary Tsirelman, P.C.

13

Nicholas Paul Bowers, Esq.
129 Livingston Street, 2nd Floor
Brooklyn, NY 11201
718-438-1200
*Attorney for Defendants Eclipse*
*Medical Imaging, P.C.*