# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, STATE FARM INDEMNITY COMPANY, STATE FARM GUARANTY INSURANCE COMPANY, and STATE FARM FIRE AND CASUALTY COMPANY | : Civil Action No:<br>: 1:23-cv-3124-ENV-RMI<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| Plaintiffs, | : **REPLY BRIEF**<br>: **IN SUPPORT OF PLAINTIFF'S** |
| -against- | : **MOTION FOR PRELIMINARY**<br>: **INJUNCTION AND STAY** |
| ECLIPSE MEDICAL IMAGING, P.C. | :<br>: |
| Defendant. | : |

_____

As stated in the motion for a preliminary injunction, this Court should grant a preliminary injunction to preserve the relative positions of the parties until a determination in this action is made. As recently stated in *State Farm Mut. Auto. Ins. Co. v. Kotkes*, 2023 U.S. Dist. LEXIS 120705 (E.D.N.Y.), "[a]pplying [the preliminary injunction] factors, a substantial number of courts in this district have awarded injunctions to insurers under similar circumstances to those alleged here".[1] Nothing stated in Defendants' response weighs against granting a preliminary injunction. This reply brief addresses Defendant's arguments.

---

[1] See, e.g, *State Farm Mut. Auto Ins. v. Parisen*, 352 F. Supp. 3d 215 (E.D.N.Y. 2018), *Allstate Ins. Co. v. Elzanaty*, 929 F. Supp. 2d 199, 217 (E.D.N.Y. 2013), *Relief Med., P.C.*, 554 F. Supp. 3d at 498 (E.D.N.Y. 2021), *Gov't Emples. Ins. Co. v. Zaitsev,* 2021 WL 3173171, at *1 (E.D.N.Y. 2021); *Gov't Emples. Ins. Co. v. Landow*, No. CV-1440, WL 939717, at *12 (E.D.N.Y. 2022); *Gov't Emples. Ins. Co. v. Advanced Comprehensive Lab'y, LLC*, 2020 WL 7042648, at *5 (E.D.N.Y. 2020); *Gov't Emples. Ins. Co. v. Cean*, 2019 U.S. Dist LEXIS 203298, at *14 (E.D.N.Y. 2019); *State Farm Mut. Auto. Ins. Co., v. Metro Pain Specialists,* 2022 U.S. Dist. LEXIS 91241 (E.D.N.Y 2022); *GEICO v. Wallegood,* 2021 U.S. Dist LEXIS 255849 (E.D.N.Y. 2021); *GEICO v. Wellmart Rx, Inc*, 435 F. Supp. 3d 443 (E.D.N.Y. 2020).

### The Courts in this District Have Rejected Nearly Identical Arguments Relying on Harvey

In response to other cases in which insurers have sought a preliminary injunction, medical providers, like Eclipse here, have argued that *Allstate Ins. Co. v. Harvey Fam. Chiropractic*, 677 F. App'x 716 (2nd Cir. 2017) should persuade the court to deny the request for an injunction. However, the courts in this district have consistently rejected this argument. Not only does *Harvey* lack precedential effect, but *Harvey* fails to "set out the factual background of the case in enough detail to disclose whether its facts are sufficiently similar to those of this case to render it applicable here". *Kotkes*, 2023 U.S. Dist. LEXIS 120705 * 26-27 (citing *Wellmart Rx*, 435 F. Supp. 3d at 451). As the courts in this district have pointed out, *Harvey* says "nothing of the risk of inconsistent judgments, or of the risk that money damages would not be available if plaintiff ultimately obtained a declaratory judgment." Id. Accordingly, this Court should follow the "numerous courts in this district [that] have rejected nearly identical arguments relying on *Harvey*". *Metro Pain Specialists*, 2022 U. Dist. LEXIS 99034 * 5, see also *Wellmart Rx*, 435 F. Supp. 3d at 451, *GEICO v. Tolmasov*, 602 F. Supp 3d 380, 387 (E.D.N.Y. 2022).

Defendant also argues that *Allstate Ins. Co. v. Avetisyan*, 2018 U.S. Dist. LEXIS 222905 (E.D.N.Y.) supports its arguments. It does not. As pointed out recently in *Kotkes*, the court in Avetisyan concluded that "there was no risk of inconsistent judgments because the federal action was 'premised upon an alleged pattern comprising discrete claims of fraudulent activity' by the defendants, but the defendants raised different claims in opposing the state court collection actions." *Kotkes*, 2023 U.S. Dist. LEXIS at *27-28. *Kotkes* and *Wellmart* distinguished the limited applicability of *Avetisyan* by pointing out that the same issues were present in the declaratory judgment action as in the underlying no-fault actions. Id. Here, like in *Kotkes and Wellmart* and the other numerous courts that have granted injunctive relief, the same claims and issues are at

issue in both the no-fault collection actions and this declaratory action and there is a real risk of inconsistent judgments.[2]

## The State Farm Companies Have Made a Showing of Irreparable Harm

Defendant argues that the State Farm Companies have not made a showing of irreparable harm. This argument goes against the numerous decisions in this district that have addressed this issue.

As stated repeatedly by the courts in this district, the "risk of inconsistent rulings" in underlying proceedings constitutes irreparable harm. *See Kotkes* 2023 U.S. Dist. LEXIS *27. Here, without a stay, it is likely that different arbitrators will make inconsistent decisions amongst themselves and that their decisions will potentially be inconsistent with this Court's ultimate decision on the declaratory judgment claim. Accordingly, there is a risk of inconsistent rulings.

As stated in the motion for a preliminary injunction, at the time motion was filed, Eclipse had filed 96 arbitrations. Plaintiff then served the motion. Although the Complaint had been previously served, Eclipse ignored this action until this motion was served. Defense counsel then entered its appearance and requested an extension to respond. After the motion for a preliminary judgment was filed, Eclipse through its counsel has filed approximately 115 more arbitrations. (Exhibit "A" for the declaration of Gwendolyn Harrison). Not only does this flood of new arbitrations increase the risk for inconsistent rulings, but Plaintiff is forced to hire counsel in each individual arbitration and defend each one. "Irreparable harm occurs where 'an insurer is

---

[2] Defendant also noted oral arguments in two (2) cases in which Defendant argues supports its argument. Not only are these oral arguments not precedent, but without an opinion, the factual background of the cases is not clear. From the transcript of *Allstate v Eastern Island Medical Care*, exhibit 4 of Defendant's response, it appears that the plaintiff ceded that it would not suffer any irreparable harm if the injunction was not granted – and thus is inapplicable here. Moreover, these cases are from 2014 and 2017. Since *Harvey* and *Avetisyan*, all of the cases in this district have found for insurers in similar circumstances.

required to waste time defending numerous no-fault actions when those same proceedings could be resolved globally in a single, pending declaratory judgment action." *Kotkes*, 2023 U.S. Dist. LEXIS * 23, *Tolmasov*, 602 F. Supp. 3d at 388; *Moshe*, 2020 U.S. Dist. LEXIS 114100 (E.D.N.Y. 2020), *Parisien*, 352 F. Supp. 3d, *Elzanaty*, 929 F. Supp. 2d. Moreover, "[a]t least one court in this district has concluded that the burden of defending scores of individual actions alone is sufficient to establish irreparable harm." See *Kotkes* 2023 U.S. Dist. LEXIS *27 (citing *GEICO v. Granovsky*, 2022 U.S. Dist. LEXIS 98905 (E.D.N.Y. 2020)).

### State Farm has Demonstrated Sufficiently Serious Questions Going to the Merits to Make Them a Fair Grounds for Litigation

The district courts in this Circuit have generally found that "[l]ikelihood of success is not the focus at the early stages of a case". *Relief Med., P.C.*, 554 F. Supp. 3d at 498 (quoting *Gov't Emples. Ins. Co. v. Zaitsev*, 2021 WL 3173171, at *1 (E.D.N.Y. July 27, 2021); see *Gov't Emples. Ins. Co. v. Landow*, No. CV-1440, WL 939717, at *12 (E.D.N.Y. Mar. 29, 2022) (same); *Gov't Emples. Ins. Co. v. Advanced Comprehensive Lab'y, LLC*, 2020 WL 7042648, at *5 (E.D.N.Y. Dec. 1, 2020) (same); *Allstate Ins. Co. v. Elzanaty*, 929 F. Supp. 2d 199, 217 (E.D.N.Y. 2013). "Instead, [district courts] look to whether there is a serious question going to the merits to make them a fair ground for trial." *Relief Med., P.C.*, 554 F. Supp. 3d at 498; see also *Zilberman*, 2021 WL 1146086, at *2 (applying the "serious question" standard in no-fault proceeding); *Advanced Comprehensive Lab'y, LLC*, 2020 WL 7042648, at *5 (E.D.N.Y. 2020); *Wellmart RX, Inc.*, 435 F. Supp. 3d at 453-55; *Parisien*, 352 F. Supp. 3d at 234.

In its Response, Defendant fails to discuss the factual allegations in the Complaint which sufficiently raise serious questions going to the merits to make them a fair ground for trial. Rather, Defendant's sole argument is based on collateral estoppel arguing that based on 8

arbitration hearings (out of over 215 thus far), this Court must follow those arbitration decisions. This argument fails. Even if collateral estoppel applies – it does not[3] – such an argument is not suitable at this juncture and but rather may be raised at summary judgment stage. *Allstate v. Elzanaty*, et. al., 916 F. Supp. 2d 273 (E.D.N.Y 2013) ("A party may properly raise a defense of res judicata or collateral estoppel on a motion pursuant to Rule 12(b)(6) only where the basis for that defense is set forth on the face of the complaint or established by the public record … the Defendants assert that they have provided additional samplings in their reply declaration of specific arbitrations where the Defendants were successful. However, this does not alleviate the Court's concerns over the suitability of this question at this juncture in thus case, which other courts have similarly expressed.")

It should be noted that Defendant fails to address the expert report of Kirsten Flanagan who is a forensic accountant for Marcum LLP. As per Ms. Flanagan, "[b]ased on my review of the documents provided to State Farm and made available to me to date, as well as the examination under oath and the declaration of Dr. Baldassare, I have identified various indications to suggest that Dr. Baldassare may not, in fact, own and control Eclipse." In the 8 arbitration hearings noted by Defendant, Ms. Flanagan's report was not considered, nor did Ms. Flanagan testify. Additionally, there was no ability to subpoena, Robert Maks (the defacto owner of Eclipse), who also did not testify.[4] During this litigation, however, the State Farm Companies

---

[3] As noted in the oral decision, in *Allstate v. Eastern Island Medical Care*, in Exhibit 4 of Defendant's response, "in light of the differences between arbitrations and the ligation in federal court an arbitrator's decision is entitled to weight and how much it is entitles to is a matter of the Court's discretion." There, the court ruled that collateral estoppel did not apply from the arbitration decisions. *See also Falzone v New York Cent. Mut. Ins. Co*.., 15 NY3d 530, 535 (2010) (collateral estoppel did not apply from prior no fault decision)

[4] Defendant's Response cites an arbitration decision that states that the State Farm Companies contended that Eclipse was fraudulently incorporate (i.e. not truly owned by Dr. Baldassre). The arbitrator further stated that "the record is *bereft of any evidence* to support such a belief, other than [State Farm's] supposition". Not only was this decision arbitrary and capricious, but the State Farm Companies lacked the opportunity to present the evidence noted in the Amended Complaint and the motion for a preliminary injunction.

[and Defendant] will have the ability to develop the evidence, take the testimony of witnesses and produce expert reports, and therefore, will have a fair opportunity to have the issues decided on the merits. Most importantly, the motion for preliminary injunction sufficiently describes the factual and legal allegations in the Complaint which sufficiently raise serious questions going to the merits to make them a fair ground for trial, none of which Defendant has not contested. Here, as in *GEICO v. Relief Med., P.C.*, 554 F. Supp. 3d 482 (E.D.N.Y. 2021), *State Farm Mut. Auto. Ins. Co., v. Metro Pain Specialists,* 2022 U.S. Dist. LEXIS 91241 (E.D.N.Y. 2022), and the other cases that have addressed this issue, the State Farm Companies have shown a serious question as to whether Eclipse is eligible to receive reimbursement for no-fault benefits. *Id.* ("the Court finds that Plaintiffs have shown a serious question as to whether the Mayzenberg Defendants are eligible to receive reimbursement for no-fault benefits.").

### The Balance of Hardships Tips in the State Farm Companies' Favor

Defendant argues that should this court enter the injunction "it is likely that Eclipse would never receive payment even should it prevail at trial" because it is possible that the subject policies will have been exhausted by that time. This argument fails. As recently stated in *Kotkes*, "*Kotkes* argues that an injunction may limit his ability to recover no-fault benefits in the future, since most policies have a $50,000 limit and may be exhausted by the time this litigation resolves … However, this a hypothetical – *Kotkes* does not identify any polices nearing exhaustion, nor any particular reason why this may be a legitimate, imminent concern for his patients." *Kotkes*, 2023 U.S. Dist. LEXIS 120705 * 32 (citing *Moshe*, 2020 U.S. Dist. LEXIS 114100 (E.D.N.Y. 2020) (noting that defendants' policy exhaustion argument "is speculative at best considering defendants do not identify any policies nearing exhaustion.").

Here, like in *Kotkes* and *Moshe*, Defendant has provided no evidence that any of the claims have been exhausted or are at near exhaustion and the argument is similarly hypothetical. In fact, as is noted in the annexed declaration of Gwendolyn Harrison, there are benefits available in the open claims to pay Eclipse should Eclipse be successful in this action.[5] Accordingly, if Eclipse is successful in this action, Eclipse will not be harmed as there are benefits and Eclipse will also receive statutory interest.

The courts in this district have consistently pointed out that a stay of "arbitrations and lawsuits addressing similar claims, will save the parties time and resources and promote judicial efficiency." *GEICO v. Relief Med., P.C.*, 554 F. Supp. 3d 482. at 503-540 (citing *Beynin*, 2021 WL 1146051 (agreeing "with prior decisions in this [d]istrict … that consolidation promotes efficiency in cases like this"; *Gov't Emples. Ins. Co. v. Cean*, 2019 U.S. Dist LEXIS 203298, at *14 (E.D.N.Y. 2019) ("[G]ranting the stay and injunction will actually save all parties time and resources. Rather than adjudicating hundreds of individual claims in a piecemeal fashion, all claims can be efficiently and effectively dealt with in a single declaratory judgment action."). Defendant has no desire to save time and resources and promote economy. Rather, Defendant has brought more than 115 new arbitrations since this motion was filed.

"It is well established in this district that, where an insurer has not yet paid out no-fault benefits, 'the insurer may bring an action for declaratory judgment that it is not liable for any unpaid claims because the provider has committed fraud or breached applicable No-Fault regulations." *State Farm Mut. Auto. Ins. Co. v Kotkes*, 2023 U.S. Dist. LEXIS 120705 (E.D.N.Y. 2022) (citing *Tolmasov*, 602 F. Supp 3d at 384, Avetisyan, 2021 U.S. Dist. LEXIS 43603). It is clearly more efficient to litigate the issues in this lawsuit than in a piecemeal fashion where Eclipse

---

[5] There are a few claims in which benefits have been exhausted (a stay will not change this fact), but for the claims that have available limits, there are benefits to pay Eclipse should it be successful in this action.

intentionally separates each bill into a separate arbitration action. There is compelling evidence that indicates that Eclipse is not truly owned and controlled by Dr. Baldassare.[6] This venue is a much more appropriate venue to litigate this issue, which may include amending the counts/claims depending upon what is revealed once discovery is received, including the depositions of Mr. and Ms. Maks, which is not possible in an arbitration action.

### Security for an Injunction is Not Necessary or Required Here

The State Farm Companies incorporate their prior arguments. The vast majority courts in this district have waived security in similar circumstances.

Dated: September 21, 2023

                                                           GOLDBERG, MILLER & RUBIN P.C.

                            By: _____
                                  Matthew Moroney
                                  GOLDBERG, MILLER & RUBIN P.C.
                                  1501 Broadway, Suite 715
                                  New York, NY 10036
                                  Telephone: (267) 514-3494
                                  mmoroney@gmrlawfirm.com

                                  *Attorneys for Plaintiffs State Farm Mutual Automobile Insurance Company, State Farm Indemnity Company, State Farm Guaranty Insurance Company, and State Farm Fire and Casualty Company*

---

[6] It should be noted that Eclipse has been sued by GEICO and Allstate in this district based in similar allegations.