**GTPC** GARY TSIRELMAN P.C.

ATTORNEYS & COUNSELORS AT LAW

129 LIVINGSTON STREET
SECOND & THIRD FLOORS
BROOKLYN, NY 11201
T: (718) 438-1200 • F: (718) 438-8883
nbowers@gtmdjd.com

11/2/2023

BY ECF
Honorable Judge Orelia E. Merchant
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: *State Farm Mutual Automobile Insurance Company, et al., v. Eclipse Medical Imaging, P.C.,* Index No. 23-cv-03124; Letter Motion for a Pre-Motion Conference for a Federal Rule 12(b)6 Motion to Dismiss and to Compel Arbitration**

Dear Judge Merchant:

We write on behalf of Defendant Eclipse Medical Imaging, P.C. ("Eclipse") pursuant to Your Honor's Individual Rule III.B.1 to respond to the Amended Complaint in this matter and request a pre-motion conference in anticipation of Eclipse's proposed motion to dismiss the Complaint and compel arbitration.

Plaintiff is an insurance company that sells automobile insurance in New York State subject to the state's No-Fault Automobile Insurance laws and regulations. Eclipse is a medical provider that treats patients injured in automobile accidents, among other patients. Eclipse's patients seeking post-accident medical treatment frequently assign their rights to collect insurance benefits from insurers to Eclipse, which then submits bills directly to the relevant insurance companies, including Plaintiffs. When insurance companies deny claims, Eclipse payment via arbitration or court actions in which the insurance company may raise myriad defenses to payment. Relevant to this matter, one such defense is that either the patient or the medical provider failed to comply with proper verification of treatment requests from the insurer, including requests for examinations under oath ("EUOs") or documents. In this matter, Plaintiffs have raised this defense as a declaratory judgment cause of action, specifically alleging that Eclipse was obligated to provide numerous documents after its owner had appeared for an EUO demanded by Plaintiffs. ECF No. 1 at ¶28. Plaintiffs' Complaint refers to the verification demands as "additional verification," though Plaintiffs are careful to omit the fact that Eclipse complied with

Plaintiffs' verification demands and its owner appeared not only for the demanded EUO but also for additional documents Eclipse did provide.

This case ought to be dismissed because: (i) this action is barred by the doctrines of *res judicata* and collateral estoppel, as multiple arbitrators have already ruled that Eclipse has substantially complied with Plaintiffs' verification demands and ordering Plaintiff to pay the relevant No-Fault bills (ii) Plaintiffs' post-verification demands were impermissible in the first place; and (iii) Eclipse has already exercised its right to arbitrate Plaintiffs' defenses.

Collateral estoppel, or issue preclusion, bars a party from relitigating "in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party . . ., whether or not the tribunals or causes of action are the same." *BDO Seidman LLP v. Strategic Resources Corp.*, 70 A.D.3d 556, 560 (N.Y. 1st Dept. 2010), quoting *Ryan v. New York Tel. Co.,* 62 N.Y.2d 494, 500 (N.Y. Ct. App 1984). The doctrine applies when an issue has been "'necessarily decided in the prior action and is decisive in the present action,' and plaintiff had a full and fair opportunity to litigate the issue in the prior action." *Kaspiev v. Corbis Corp.*, 158 A.D.3d 531, 532 (N.Y. 1st Dept. 2018) quoting *D'Arata v. New York Cent. Mut. Fire Ins. Co.*, 76 N.Y.2d 659, 664 (N.Y. Ct. App. 1990).

The doctrine applies to arbitration awards; an "arbitration award constitutes a valid final judgment for collateral estoppel purposes." *Doscher v. Manatt*, 148 A.D.3d at 524 (N.Y. 1st Dept. 2017) citing *Acevedo v. Holton,* 239 A.D.2d 194 (N.Y. 1st Dept 1997) and *Franklin Dev. Co., Inc. v. Atlantic Mut. Ins. Co.*, 60 A.D.3d 897 (N.Y. 2d Dept 2009). Here, State Farm was a party to prior arbitrations in which it litigated whether it could delay or deny payment of Eclipse's No-Fault claims based on allegations that Eclipse did not fully comply with its verification obligations.

The Complaint must also be dismissed because Plaintiffs have abused the No-Fault verification process to impermissibly demand leases, bank, records, and other documents not necessary to verify Eclipse's claims. New York courts have held that demands for documents allegedly related to a provider's alleged fraudulent incorporation such as "sale of shares or transfer of ownership (and) lease agreements are impermissible and improper [No-Fault verification] requests." *Island Chiropractic Testing, P.C. v. Nationwide Ins. Co.*, 2012 NY Slip Op 51001(U), ¶ 2, 35 Misc. 3d 1235(A), 1235A, 953 N.Y.S.2d 550 (Suffolk Cty. Dist. Ct. 2012). Here, Plaintiffs premise their suit on the reasonability of their verification demands to probe whether Dr. Baldassare owns and controls Eclipse. ECF No. 1 at ¶¶36-44. Indulging Plaintiffs' game-playing to further delay payment of valid No-Fault bills when it demands "written documents such as tax returns, incorporation agreements

or leases regarding a potential fraudulent incorporation '*Malella*' defense . . . defeats the stated policy and purpose of the no-fault law and carries with it the potential for abuse. *Island Chiropractic Testing, P.C.*, 2012 NY Slip Op 51001(U), ¶ 2.

Eclipse has affirmatively chosen to arbitrate most of its No-Fault claims submitted to Plaintiffs pursuant to the policies of insurance Plaintiffs have chosen to issue to New York motorists. Indeed, arbitrators have already repeatedly found in Eclipse's favor on the theories Plaintiff raises in its Complaint. This case ought thus be dismissed and the underlying arbitrations go forward under the Federal Arbitration Act. 9 U.S.C. § 2

Eclipse thus requests a pre-motion conference at the Court's convenience.

Thank you for your consideration of this letter.

Respectfully,
/s/
Nicholas Bowers, Esq.
*Counsel for Parties Named Herein*
Gary Tsirelman P.C.
129 Livingston, 2nd Floor
Brooklyn NY 11201

Cc: All Counsel via ECF