UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, et al.                          Docket No. 23-CV-3124-OEM-RML

    *Plaintiffs*

  - against –

ECLIPSE MEDICAL IMAGING, P.C.,

    *Defendant*
-----------------------------------------------------------------X


## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION OR DISMISS

Gary Tsirelman, P.C.
Nicholas Paul Bowers, Esq.
129 Livingston Street, 2nd Floor
Brooklyn, NY 11201
718-438-1200
*Attorneys for Defendant*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................1

PRELIMINARY STATEMENT .........................................................................4

STATEMENT OF RELEVANT FACTS ............................................................5

Overview of New York's No-Fault Laws............................................................6

ARGUMENT .........................................................................................................7

    I.    Motion to Compel Arbitration......................................................................7

    a.    State Farm's Legal Claims Against the Moving Defendants Must Be Arbitrated.............................................................................................................7

    II.    State Farm's Claims Are Precluded by Adverse Arbitration Awards on the Verification Issue ...............................................................................................10

    a.    Issue and Claim Preclusion .........................................................................10

    b.    This Suit is Precluded by Prior Arbitration Awards ..................................12

CONCLUSION....................................................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Allstate Ins. Co. v. Hisham Elzanaty*
929 F. Supp. 2d 199 (E.D.N.Y. 2013) .................................................................................. 8

*Allstate Ins. Co. v. Lyons*
843 F. Supp. 2d 358 (E.D.N.Y. 2012) .................................................................................. 8

*Allstate Ins. Co. v. Mun*
751 F.3d 94 (2d Cir. 2014) ................................................................................................... 7

*Caldarera v. Int'l Longshoremen's Ass'n, Local 1*
765 F. App'x 483 (2d Cir. 2019) ........................................................................................ 11

*Caron v. TD Ameritrade*
No. 19-CV-9015, 2020 WL 7027593 (S.D.N.Y. Nov. 30, 2020) ...................................... 11

*Chatham Shipping Co. v. Fertex Steamship Corp.*
352 F.2d 291 (2d Cir. 1965) ................................................................................................. 6

*Com-Tech Assocs. v. Computer Assocs. Int'l*
753 F. Supp. 1078 (E.D.N.Y. 1990) ..................................................................................... 7

*Cox v. Perfect Bldg. Maint. Corp.*
No. 16-CV-7474, 2017 WL 3049547 (S.D.N.Y. July 18, 2017) ........................................ 11

*Evans v. Ottimo*
469 F.3d 278 (2d Cir. 2006) ............................................................................................ 9, 10

*Gov't Emples. Ins. Co. v. Grand Med. Supply, Inc.*
2012 U.S. Dist. LEXIS 92469 (E.D.N.Y. July 4, 2012) ....................................................... 8

*In re Currency Conversion Fee Antitrust Litig.*
361 F. Supp. 2d 237 (S.D.N.Y. 2005) .................................................................................. 6

*Jacobson v. Fireman's Fund Ins. Co.*
111 F.3d 261 (2d Cir. 1997) ................................................................................................. 9

*Lipman v. Rodenbach*
852 F. App'x 578 (2d Cir. 2021) .................................................................................... 9, 10

*Mian v. Donaldson, Lufkin & Jenrette Securities Corp.*
 7 F.3d 1085 (2d Cir. 1993) ................................................................................................ 11

*Moore v. U.S. Dep't of Educ.*
 457 Fed. App'x 10 (2d Cir. 2011) ................................................................................ 10

*O'Brien v. City of Syracuse*
54 N.Y.2d 353 (1981) ................................................................................................... 10

*Oldroyd v. Elmira Sav. Bank, FSB*
134 F.3d 72 (2d Cir. 1998) .............................................................................................. 7

*Ross v. Am. Express Co.*
547 F.3d 137 (2d Cir. 2008) ............................................................................................ 7

*Semtek Int'l, Inc. v. Lockheed Martin Corp.*
531 U.S. 497, (2001) ....................................................................................................... 9

*TechnoMarine SA v. Giftports, Inc.*
758 F.3d 493 (2d Cir. 2014) .......................................................................................... 11

*Thomas v. Atl. Express Corp.*
2009 U.S. Dist. LEXIS 27780 (S.D.N.Y. Mar. 30, 2009) ............................................. 11

*Yoon v. Fordham Univ. Faculty and Admin. Ret. Plan*
263 F.3d 196 (2d Cir. 2001) .......................................................................................... 10

*Yu Chan Li v. App. Div.*
No. 21-cv-6726 (PKC), 2022 U.S. Dist. LEXIS 201569, (S.D.N.Y. Nov. 4, 2022) ....... 9

**Rules**
Federal Rule of Civil Procedure 12(b)(6) ....................................................................... 2

**State Statutes**
Insurance Law §5106(a) ......................................................................................... 4, 5, 7

N.Y. Ins. Law §§ 5101 .................................................................................................... 4

**State Rules and Regulations**
11 N.Y.C.R.R § 65-4.2 .................................................................................................... 5

11 N.Y.C.R.R. §65-3.5 .................................................................................................... 4

11 N.Y.C.R.R. §65-3.8 .................................................................................................... 4

**State Cases**
*Acevedo v. Holton*
239 A.D.2d 194 (N.Y. 1st Dep't 1997) ......................................................................... 12

*City of N.Y. v. Welsbach Elec. Corp.*
9 N.Y. 3d 124 (2007) .................................................................................................... 11

*Doscher v. Manatt*
148 A.D.3d 524 (N.Y. 1st Dep't. 2017) .................................................................................. 12

*Franklin Dev. Co., Inc. v. Atlantic Mut. Ins. Co.*
60 A.D.3d 897 (N.Y. 2d Dep't 2009) ..................................................................................... 12

*Paramount Pictures Corp. v. Allianz Risk Transfer AG*
31 N.Y.3d 64 (N.Y. 2018). ..................................................................................................... 11

*Parker v. Blauvelt Volunteer Fire Co.*
93 N.Y. 2d 343 (1999) ............................................................................................................ 11

*People ex rel. Spitzer v. Applied Card Sys., Inc.*
11 N.Y.3d 105 (2008) ............................................................................................................. 11

*People v. Evans*
94 N.Y.2d 499 (2000) ............................................................................................................. 11

*Republic Mortgage. Ins. Co. v. Countrywide Fin. Corp.*
928 N.Y.S.2d 42 (N.Y. App. Div. 2011) ................................................................................ 10

# PRELIMINARY STATEMENT

Defendant Eclipse Medical Imaging, P.C. ("Eclipse") submit this memorandum of law in support of its motion to compel arbitration or, in the alternative, dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs State Farm Mutual Automobile Insurance Company, State Farm Indemnity Company, State Farm Guaranty Insurance Company, and State Farm Fire and Casualty Company (collectively, "State Farm") are insurance companies that seek to minimize paying out claims according to their automobile insurance policies by suing medical providers that have submitted claims to State Farm under New York's No-Fault Automobile Insurance system. Most federal No-Fault insurance suits involve claims that the insurers have been defrauded by the medical provider defendants and thus seek damages. In this suit, however, State Farm pushes the envelope by bringing standard and already-adjudicated defenses to paying No-Fault claims as a federal declaratory judgment based on a theory that Eclipse did not sufficiently cooperate with State Farm's claims verification process.

This case is an attempt at forum-shopping by State Farm, which seeks to evade its obligations under New York No-Fault laws and regulations to defend its denial of No-Fault claims submitted by Eclipse in arbitration proceedings. State Farm instead has brought a run-of-the-mill affirmative defense to No-Fault payment that Eclipse did not respond to verification demands as a federal court declaratory judgment action as an end-run around New York's statutory framework for resolving disputes between No-Fault insurers and medical providers.

Indeed, this issue has already been decided by numerous arbitrators, who have consistently found that Plaintiffs' verification defense fails. Allowing State Farm to litigate claims already in arbitration on the same defense State Farm has raised and lost on in numerous arbitrations would upend New York's No-Fault claims adjudication regime, as it would render every No-Fault claim

4

subject to federal judicial review regardless of whether arbitrators or other factfinders have already disposed of the issue.

## STATEMENT OF RELEVANT FACTS

Eclipse is a professional medical corporation that specializes in treating patients injured in automobile accidents. The injured patients assigned their right to collect benefits under New York State's No-Fault Automobile insurance system to Eclipse. Eclipse then billed the insurance companies, including State Farm, whose policies covered the patients. When insurance companies failed to pay the No-Fault insurance claims Eclipse submitted to them, Eclipse files collection suits in arbitration seeking payment on the unpaid claims.

State Farm filed the instant action in 2023, claiming that in May 26, 2022, Defendant's owner Dr. Baldassare appeared for an Examination Under Oath ("EUO") at Plaintiffs' demand pursuant to New York's No-Fault Automobile Insurance laws and regulations. *See* Complaint, ECF No. 1. State Farm alleges that Defendant answered Plaintiffs' questions, completed the EUO and, in follow-up discussions, amended certain responses. *Id*. at ¶33.

State Farm ultimately seeks a declaration that it need not reimburse Defendants for any pending, unpaid No-Fault claims and an order enjoining Defendants from placing any further claims in collection arbitrations or lawsuits because it did not receive documents that Eclipse either objected to producing or informed Plaintiff do not exist. *Id*.

This is not the parties' first time adjudicating Plaintiffs' post-EUO verification defense to paying the subject No-Fault claims; Eclipse has filed arbitration actions in which Plaintiffs' have raised this defense, which arbitrators have consistently rejected. Representative arbitration decisions are attached as Exhibit 1. In fact, no arbitrator to hear State Farm's defense has found in favor of State Farm. State Farm, knowing its defense based on its allegations that Eclipse has not

5

complied with verification requirements will continue to fail before arbitrators and New York state courts, has decided to strategically burden Eclipse with federal litigation.

## Overview of New York's No-Fault Laws

New York's No-Fault insurance law, N.Y. Ins. Law §§ 5101, *et seq.*, requires automobile insurers such as State Farm to pay for health service expenses incurred by automobile accident victims. Following an automobile accident, patients may seek medical treatment, including diagnostic imaging such as that provided by Eclipse. The law allows No-Fault patients to assign their No-Fault benefits to their medical providers, who may then request payment for the medical services directly from No-Fault insurers by submitting a bill. Pursuant to Insurance Law §5106(a) and 11 N.Y.C.R.R. §65-3.8, the insurer then has thirty days to pay or deny the bill. Under 11 N.Y.C.R.R. §65-3.5, the insurer may delay payment in order to verify the claim in a variety of ways, including an examination under oath of the medical provider submitting the claim, the policyholder, or the injured patient. The insurer must request any such verification within thirty business days of the receipt of the claim. 11 N.Y.C.R.R. §65-3.5(b) and 11 N.Y.C.R.R §65-3.8(l). The insurer may deny the No-Fault claims under 11 N.Y.C.R.R §65-3.8(b)(3), "more than 120 calendar days after the initial request for verification, the applicant has not submitted all such verification under the applicant's control or possession or written proof providing reasonable justification for the failure to comply."

The claimant may then seek payment of the denied claims either in state court or, under New York Insurance Law §5106(b), arbitration, according to the process set forth in 11 N.Y.C.R.R § 65-4.2. Eclipse has elected to do so here and has prevailed against State Farm on this issue every time State Farm has raised it as a defense. Exhibit 1.

# ARGUMENT

I. **Motion to Compel Arbitration**

   a. **State Farm's Legal Claims Against the Moving Defendants Must Be Arbitrated**

All of the No-Fault claims in this case involve auto accident victims whose medical expenses were covered under insurance policies issued by State Farm in New York. *See* Compl. ¶1. Each of these insurance policies contained an arbitration provision for medical payments that. Under New York law, allows any insurance claimant covered by the policy to seek payment via New York's No-Fault automobile insurance arbitration system pursuant to New York Insurance Law §5106(b).

As the Complaint notes, patients assigned their benefits under these insurance policies to Eclipse, Compl. ¶ 9, and this assignment included their right to arbitrate disputes as to these benefits. *See Chatham Shipping Co. v. Fertex Steamship Corp.*, 352 F.2d 291, 294 (2d Cir. 1965) ("[A]bsent contrary expression, assignment of a contract carries with it a right to arbitration therein provided."). Because State Farm's lawsuit simply concerns the question whether or not Eclipse substantially complied with State Farm's verification requests, State Farm's legal claims are all encompassed by this broad arbitration clause that covers "any matter relating" to a claim for first-party benefits. Thus, under the Federal Arbitration Act ("FAA") and State Farm's insurance policies, this lawsuit must be referred to arbitration if the claimant – here, Eclipse – so elects, as they have by already filing claims in arbitration against State Farm.

The FAA "establishes a liberal policy in favor of arbitration as a means to reduce the expense and delay of litigation," *In re Currency Conversion Fee Antitrust Litig.*, 361 F. Supp. 2d 237, 248 (S.D.N.Y. 2005). The FAA therefore expresses "a strong federal policy favoring arbitration as

an alternative means of dispute resolution." *Ross v. Am. Express Co.*, 547 F.3d 137, 142 (2d Cir. 2008) (internal quotation marks omitted). And the Second Circuit explains that "it is difficult to overstate the strong federal policy in favor of arbitration." *Id.* (internal quotation marks omitted). Thus, arbitration clauses are read "as broadly as possible," and courts resolve "any doubts concerning the scope of arbitrable issues . . . in favor of arbitration." *Oldroyd v. Elmira Sav. Bank, FSB*, 134 F.3d 72, 76 (2d Cir. 1998) (internal quotation marks and citations omitted) (alteration in original). Under this standard, State Farm's lawsuit falls squarely within the arbitration clause that appears in its insurance policies. Indeed, the clause is worded so broadly that it provides a presumption of arbitrability. In *Oldroyd*, for instance, the Second Circuit held that a clause making arbitrable "any dispute, controversy or claim arising under or in connection with" an agreement was "precisely the kind of broad arbitration clause that justifies a presumption of arbitrability." *Id.* at 76 (internal quotation marks and brackets omitted). Under such "broad" arbitration clauses (in contrast to "narrow" clauses that deal with only specific issues), "the strong federal presumption in favor of arbitrability applies with greater force." *Com-Tech Assocs. v. Computer Assocs. Int'l*, 753 F. Supp. 1078, 1084 (E.D.N.Y. 1990) (internal quotation marks and citation omitted). The clause here – providing an arbitration option for "any matter relating to" a personal injury claim (which includes medical expenses) – is likewise broad, and makes State Farm's action presumptively arbitrable.

Even were the FAA not applicable, this suit would nonetheless be arbitrable under New York's No-Fault laws. The Second Circuit has ruled that No-Fault medical providers such as Eclipse are first party claimants when they submit their No-Fault claims to the insurer and when an insurer dispute[s No-Fault] claims without paying them promptly," Insurance Law section 5106(b) applies and the claims may be arbitrated. *Allstate Ins. Co. v. Mun*, 751 F.3d 94, 98 (2d Cir. 2014)

(holding that No-Fault providers sued by insurers to recover damages cannot compel arbitration under the statute because they are no longer "claimants" once the insurer has paid them.).

Judges in this District agree that "disputes regarding [No-Fault medical providers'] pending reimbursement claims clearly" may be compelled to arbitration. *Gov't Emples. Ins. Co. v. Grand Med. Supply, Inc.*, 2012 U.S. Dist. LEXIS 92469, at *19 (E.D.N.Y. July 4, 2012). Indeed, the seminal decision by Judge Gleeson denying No-Fault providers' motion to compel arbitration of RICO and fraud claims granted the providers' motion to compel arbitration of all pending, unpaid claims, holding "For those claims — with respect to which [the insurer] seeks a declaration that it need not remit payment — I find that . . . disputes regarding first-party benefits that arise with respect to those claims are subject to the arbitration clause of subsection (b)." *Allstate Ins. Co. v. Lyons*, 843 F. Supp. 2d 358, 380-81 (E.D.N.Y. 2012). Judge Spatt, reviewing case law in this District on this issue of compelling arbitration of unpaid No-Fault claims, held that "while these opinions conflict on several issues, one matter that they are unanimous about is that . . . defendants such as the medical providers here have the right to compel arbitration of disputes regarding pending reimbursement claims under New York State No-Fault Law." *Allstate Ins. Co. v. Hisham Elzanaty*, 929 F. Supp. 2d 199, 213 (E.D.N.Y. 2013). It is evident from the first paragraph of the Complaint that State Farm filed this declaratory judgment action seeking "that they are not legally obligated to pay certain bills/claims submitted by" Eclipse rather than to recover any amounts it has already paid.

    **b. Arbitration Is Appropriate for State Farm's Lawsuit as a Matter of Public Policy**

More broadly, arbitration in this case furthers public policy as established by the New York legislature. After all, the purposes of the No-Fault law included, significantly, a reduction in "the amount of litigation in the courts" and the creation of a "less costly" arbitration option for

claimants, where insurers possessed "a greater ability to bear the costs of litigation." *Country-Wide Ins. Co. v. Harnett*, 426 F. Supp.1030, 1032, 1034. Denying Eclipse the option to arbitrate in this case would subvert this important policy and invalidate Eclipse's choice to arbitrate. New York courts have recognized in similar contexts that it makes no sense to condition an insured's option to arbitrate on whether the insurer initiates litigation first. *See Republic Mortgage. Ins. Co. v. Countrywide Fin. Corp.*, 928 N.Y.S.2d 42, 42 (N.Y. App. Div. 2011) (interpreting mortgage insurance policy to permit insureds the option to arbitrate even where the insurer initiated litigation). Otherwise, the right to arbitration would be left to "procedural gamesmanship," where insurers could thwart this right by "winning a race to the courthouse." *Id.* at 44. No-Fault arbitrators are accustomed to adjudicating these specialized disputes in high volume. Arbitration would therefore relieve this Court of a significant administrative burden – again, consistent with the purposes of the No-Fault law.

## II. State Farm's Claims Are Precluded by Adverse Arbitration Awards on the Verification Issue

### a. Issue and Claim Preclusion

Federal District Courts sitting in diversity jurisdiction, as here, look to New York law to determine the preclusive effect" of prior decisions. *Lipman v. Rodenbach*, 852 F. App'x 578, 580 (2d Cir. 2021) *(*citing *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001)), *accord Yu Chan Li v. App. Div.,* No. 21-cv-6726 (PKC), 2022 U.S. Dist. LEXIS 201569, at *9 (S.D.N.Y. Nov. 4, 2022)(citing *Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006)). When an arbitrator's award is "rendered in the context of a New York state [arbitration action] action, the preclusive effect in federal courts of those state court judgments is determined by New York law." *Jacobson v. Fireman's Fund Ins. Co.*, 111 F.3d 261, 265 (2d Cir. 1997) (internal quotation marks

and citations omitted). Under New York law, "[t]he preclusive effect of a judgment is determined by two related but distinct concepts — issue preclusion and claim preclusion." *Paramount Pictures Corp. v. Allianz Risk Transfer AG*, 31 N.Y.3d 64, 72 (N.Y. 2018).

In New York, claim preclusion, also called res judicata, bars successive litigation based on based upon the "'same transaction or series of connected transactions' if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was." *Lipman*, 852 F. App'x at 580 (quoting *People ex rel. Spitzer v. Applied Card Sys., Inc.*, 11 N.Y.3d 105 (2008)). New York applies a "transactional approach" to res judicata, which means that "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *Yoon v. Fordham Univ. Faculty and Admin. Ret. Plan*, 263 F.3d 196, 200 (2d Cir. 2001) (quoting *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357 (1981)).

Issue preclusion, or collateral estoppel, "bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." *Evans*, 469 F.3d at 281. Issue preclusion is a "rigid rule[] of limitation." *Moore v. U.S. Dep't of Educ.*, 457 Fed. App'x 10, 12 (2d Cir. 2011) (quoting *People v. Evans*, 94 N.Y.2d 499, 503 (2000)). Once an issue in a given case has been decided, no party to that case may dispute the same issue in a new lawsuit. *City of N.Y. v. Welsbach Elec. Corp.*, 9 N.Y. 3d 124, 128 (2007)(citing *Parker v. Blauvelt Volunteer Fire Co.*, 93 N.Y. 2d 343, 349 (1999)).

"Under New York law, an arbitration award constitutes a previous adjudication on the merits." *Caron v. TD Ameritrade*, No. 19-CV-9015, 2020 WL 7027593, at *5 (S.D.N.Y. Nov. 30,

2020). New York courts agree that "[a]n arbitration award constitutes a valid final judgment for collateral estoppel purposes." *Doscher v. Manatt*, 148 A.D.3d at 524 (N.Y. 1st Dept. 2017)(citing *Acevedo v. Holton*, 239 A.D.2d 194 (N.Y. 1st Dep't 1997) and *Franklin Dev. Co., Inc. v. Atlantic Mut. Ins. Co.*, 60 A.D.3d 897 (N.Y. 2d Dept 2009)). The same is true for res judicata; "[a] party may not collaterally attack an arbitration award." *Thomas v. Atl. Express Corp.*, 2009 U.S. Dist. LEXIS 27780, at *7 (S.D.N.Y. Mar. 30, 2009)(citing *Mian v. Donaldson, Lufkin & Jenrette Securities Corp.*, 7 F.3d 1085, 1086 (2d Cir. 1993))(applying res judicata applied to a prior arbitration award).

Motions to dismiss based on issue or claim preclusion is properly considered on a motion to dismiss when "the court's inquiry is limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014). Courts in this circuit regularly take judicial notice of arbitration awards at the motion to dismiss stage. *See Cox v. Perfect Bldg. Maint. Corp.*, No. 16-CV-7474, 2017 WL 3049547, at *3 (S.D.N.Y. July 18, 2017) (collecting cases); *see also Dr.'s Assocs., Inc. v. Patel, No.* 18-CV-2386, 2019 WL 3916421, at *2 n.5 (S.D.N.Y. July 19, 2019) (same); *see also Caldarera v. Int'l Longshoremen's Ass'n, Local 1,* 765 F. App'x 483, 485 n.2 (2d Cir. 2019) (summary order) (finding no error in district court's taking judicial notice of an arbitration award).

### b. This Suit is Precluded by Prior Arbitration Awards

State Farm's core argument has already been rejected in multiple arbitration decisions and is therefore precluded. Attached as Exhibit 1 are eleven arbitration awards rejecting State Farm's claims and finding that Eclipse complied with its verification obligations.[1] State Farm was

---

[1] At the time of filing, Eclipse is unaware of any arbitration or court decision inconsistent with the attached awards.

12

unambiguously a party to prior arbitrations in which it litigated whether it could delay or deny payment of Eclipse's No-Fault claims based on allegations that Eclipse did not fully comply with its verification obligations.

In each of the annexed decisions in Exhibit 1, each arbitrator rejects State Farm's defense to payment. For example, arbitrator Kokel writes that Eclipse

> "substantially complied with [State Farm's] verification requests. All requests were responded to, but for those that were deemed unnecessary, irrelevant or unduly burdensome. It appears, to the undersigned, that the Respondent was seeking materials that might lead to a 'founded belief' that the Applicant facility was fraudulently incorporated (see *State Farm Mutual Auto Ins Co., v. Mallela*, et al. (Mallela III), 4 NY 3d 313, 321, 794 N.Y.S. 2d 700 (2005). The record is bereft of any evidence to support such a belief, other than the Respondent's supposition."

Exhibit 3 at 9.

Arbitrator Youngman agrees, writing that Eclipse "made a meaningful attempt to comply with [State Farm's] demands and [State Farm] denied the claim instead of keeping the line of communication open. Further, State Farm does not submit a persuasive explanation of why they denied the claim when [Eclipse] was attempting to comply with [State Farm's] demands." *Id*. at 48.

The arbitrators also recognize that prior arbitration awards on the issue have preclusive effect. *Id.* For example, arbitrator Adelson writes that "The issue of whether [State Farm] was entitled to the documentation and information that remained in dispute which was requested as part of the post-EUO verification requests has already been decided in favor of Applicant in AAA Case Numbers 17-22-1279-8187 and 17-22-1279-7940" and thus "the doctrines of collateral estoppel and res judicata preclude [State Farm] from proceeding to arbitration on the very same issues." *Id*. at 36.

The arbitrators' consistent findings in favor of Eclipse and that prior arbitrators' awards preclude State Farm's claims in this matter. The Court ought therefore dismiss this matter.

## CONCLUSION

For the reasons set forth above and in the accompanying papers, The Court ought to dismiss State Farm's Complaint and compel arbitration of the pending unpaid No-Fault claims underlying this action.

Dated: Brooklyn, NY
December 14, 2023

BY: *Nicholas Paul Bowers, Esq.*

__/s/_____

Gary Tsirelman, P.C.
Nicholas Paul Bowers, Esq.
129 Livingston Street, 2nd Floor
Brooklyn, NY 11201
718-438-1200
*Attorney for Defendant Eclipse Medical Imaging, P.C.*